IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GARRY MOORE, #46504                                                              PETITIONER

VERSUS                                              CIVIL ACTION NO. 2:07cv151KS-MTP

RONALD KING, et al.                                                             RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, Garry Moore, an inmate incarcerated that the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on July 26, 2007.

Background

The petitioner contends that his constitutional rights have been violated as a result of the "state administrative action of removing him from a community-based facility" and placing him in a prison facility.  The petitioner states that he is not challenging his conviction or sentence. This habeas is challenging the determination by the classification personnel to transfer him from a community-based facility where he lived close to his family and place him in a prison institution.  As relief, he is seeking to be transfer to a community-based facility.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  However, Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  Carson v. Johnson, 112 F.3d

818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  Notwithstanding the petitioner's assertion that this is a habeas matter, this Court is not persuaded.  This court must look to the nature of the allegations which in this case concern where he is housed which is a condition of his confinement and has nothing to do with his immediate or early release from custody.[1]  Therefore, the petitioner cannot maintain this habeas petition.

Moreover, the petitioner does not have a constitutional right to be housed in a particular facility or classified with a particular custody status.  See Meachum v. Fano, 427 U.S. 215 (1976)).  A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  The allegations of the instant petition fail to assert any type of hardship that is "atypical and significant."

The Mississippi statute governing commitments to the Department of Corrections establishes that a person is committed to the "department, not to a particular institution or facility."[2]  MISSISSIPPI CODE ANNOTATED § 47-5-110 (1972), as amended.  Therefore, the defendants' decision to house the plaintiff at South Mississippi Correctional Institution instead of a facility of the plaintiff's choosing does not violate his constitutional rights.  Additionally, the

---

[1] "Simply stated, habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976).  Further, the United States Court of Appeals for the Fifth Circuit addressing habeas petitions filed requesting injunctive relief regarding the conditions of confinement has consistently stated that habeas review is not an available remedy in this situation.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).

[2] Even though an inmate may be assigned to community work center, see MISS. CODE ANN. § 47-5-110(1), the inmate remains "an offender of the department and shall be subject to rules and regulations fo the department." MISS. CODE ANN. § 47-5-110(2)(b).

classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life, therefore a constitutionally protected right has not been created. See, e.g., Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984) (holding that MISSISSIPPI CODE ANNOTATED §§ 47-5-99 to 47-5-103 (1972) do not create an expectation of any particular classification). Consequently, the plaintiff could not maintain the allegations of this petition as a § 1983 cause of action.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Even if the petitioner were to bring this as a § 1983 civil action, as discussed above, he could not maintain it. Therefore, this claim will be dismissed with prejudice.

SO ORDERED this the 17th day of September, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE